## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

| | |
|---|---|
| In re: BAY VISTA OF VIRGINIA, INC., | Case No. 07-71213-SCS |
| Debtor. | Chapter 7 |
| TOM C. SMITH, Chapter 7 Trustee, : | |
| Plaintiff, : | |
| v. : | APN: 08-7083-SCS |
| LITCHFORD & CHRISTOPHER, P.A., : | |
| Defendant. : | |

## MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE
## AND NARROW ISSUES AT TRIAL

NOW COMES plaintiff Tom C. Smith, Jr. ("Mr. Smith"), in his capacity as chapter 7 trustee for the estate of Bay Vista of Virginia, Inc. (the "Debtor"), by counsel, pursuant to Rules 7033, 7034, 7036 and 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and in accordance with this Court's *Pretrial Order* (the "Pretrial Order") entered in this adversary proceeding on March 5, 2009 (adversary docket no. 30), and moves this Honorable Court for entry of an order excluding certain evidence and narrowing issues for purposes of trial in this adversary proceeding by reason of untimely and incomplete discovery responses by defendant Litchford & Christopher, P.A. ("L&C").

Peter G. Zemanian, VSB No. 24922
Zemanian Law Group
150 Boush Street, Suite 600
Norfolk, Virginia 23510
(757) 622-0090
Counsel for Tom C. Smith, Jr., Trustee

In support of this motion, Mr. Smith respectfully states as follows:

**Procedural Background**

1. Mr. Smith commenced this adversary proceeding on August 25, 2008 by his filing of a *Complaint to Recover Fraudulent Transfer* (the "Complaint"), which seeks recovery from L&C of the sum of $100,000.00 (the "Transferred Funds").

2. L&C responded to the Complaint on September 29, 2008 by its filing of an *Answer and Affirmative Defenses of Litchford & Christopher Professional Association to Complaint to recover Fraudulent Transfer* (the "Answer").

3. By its Pretrial Order, this Court scheduled an October 20, 2009 trial date. This Court further established deadlines for (i) filing and completion of pretrial disclosures, (ii) a discovery cutoff and (iii) filing of motions in this adversary proceeding.

4. During the course of this litigation, Mr. Smith has timely and properly responded to the written discovery propounded upon him. The same cannot be said for L&C.

5. On April 16, 2009, Mr. Smith served upon L&C *Plaintiff Tom C. Smith, Jr.'s First Request for Admissions, Interrogatories and Request for Production of Documents to Defendant Litchfield & Christopher, P.A.* (the "First Written Discovery").

6. L&C responded to the First Written Discovery, albeit somewhat late.

7. On June 18, 2009, Mr. Smith served upon L&C *Plaintiff Tom C. Smith, Jr.'s Second Request for Admissions, Interrogatories and Request for Production of Documents to Defendant Litchfield & Christopher, P.A.* (the "Second Written Discovery").

8. On or about August 14, 2009, almost one month late, L&C produced documents purportedly responsive to the Second Written Discovery. On September 21, 2009, more than two months late, L&C's counsel forwarded partial and informal (not signed by L&C) responses and answers to the admissions and interrogatories set forth in the Second Written Discovery. The signed version of L&C's incomplete responses/answers to the Second Written Discovery were not provided until September 23, 2009. A copy of L&C's signed-but-incomplete responses and answers to the Second Written Discovery is attached as **Exhibit 1**.

9. On August 17, 2009, Mr. Smith served upon L&C *Plaintiff Tom C. Smith, Jr.'s Third Request for Admissions, Interrogatories and Request for Production of Documents to Defendant Litchfield & Christopher, P.A.* (the "Third Written Discovery").

10. On September 21, 2009, almost one week late, L&C's counsel forwarded informal (not signed by L&C) responses and answers to the Third Written Discovery. The signed version of L&C's responses/answers to the Third Written Discovery were not provided until September 23, 2009. A copy of L&C's responses and answers to the Third Written Discovery is attached as **Exhibit 2**.

11. L&C's failure to timely and completely respond to the Second Written Discovery and Third Written Discovery cannot be shrugged off as mere oversight. Counsel for Mr. Smith issued multiple e-mails and letters which, coupled with several telephone conversations, attempting to prompt the outstanding discovery answers from L&C. Mr. Smith is, and throughout this litigation has been, willing to accommodate a discovery schedule intended to facilitate the fair adjudication of this case. But, to the extent stated in this motion, Mr. Smith ought not be disadvantaged by the incomplete and untimely answers provided by L&C.

## Governing Rules and Pretrial Order

12. Bankruptcy Rule 7033 makes applicable to this adversary proceeding Rule 33 of the Federal Rules of Civil Procedure, which authorizes parties to propound written interrogatories upon each other, and provides in pertinent part that:

> [t]he responding party must serve its answers … within 30 days after being served with the interrogatories.

Fed. R Civ. P. 33(b)(2).

13. Bankruptcy Rule 7034 makes applicable to this adversary proceeding Rule 34 of the Federal Rules of Civil Procedure, which authorizes parties to serve upon each other requests to inspect and copy documents and other tangible and electronic information, and provides in pertinent part that:

> [t]he party to whom the request is directed must respond in writing within 30 days after being served.

Fed. R Civ. P. 34(b)(2).

14. Bankruptcy Rule 7036 makes applicable to this adversary proceeding Rule 36 of the Federal Rules of Civil Procedure, which authorizes parties to serve upon each other written requests to admit the truth of matters related to the pending action, and provides in pertinent part that:

> [a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Fed. R Civ. P. 36(a)(3).

15. Rule 36 of the Federal Rules of Civil Procedure further provides in pertinent part that:

> [a] matter is admitted under this rule is conclusively established unless the court, or motions permits the admission to be withdrawn or amended.

Fed. R Civ. P. 36(b).

16. Bankruptcy Rule 7037 makes applicable to this adversary proceeding Rule 37(d) of the Federal Rules of Civil Procedure, which provides for "sanctions" if

> [a] party, after being properly served with interrogatories under Rule 33 or a request for inspection [of documents or other tangible things] under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d).

17. The Pretrial Order, at paragraph 2.A, directs that all discovery in this adversary proceeding be completed by September 21, 2009.

## Argument and Supporting Authorities

18. By not timely answering the requests for admission contained within each of the Second Written Discovery and the Third Written Discovery, L&C has (pursuant to the governing rules) conclusively established for purposes of this adversary proceeding the substance sought to be discovered in the subject requests. *See* Fed. R. Civ. P. 36(a)(3) ("[a] matter [requested to be admitted in a Request for Admissions propounded under Rule 36] is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection and signed by the party or its attorney"); Williams v. Howard Johnson's Inc., 323 F.2d 102 (4th Cir. 1963) (admissions stand on the same relation to the case as sworn testimony).

19. In addition, by failing to completely and timely answer the interrogatories and requests for document production contained within each of the Second Written Discovery and

the Third Written Discovery before the September 21, 2009 discovery cutoff established by the Pretrial Order, L&C has created for Mr. Smith a situation in which he can no longer fairly be expected to interview or depose witnesses and prepare for trial unless this Court limits or excludes the introduction of any evidence that exceeds the scope of the responses/answers/documents produced by L&C in connection with the First Written Discovery.

20. The proper remedy for a party's failure to respond to discovery is to rely on the "sanctions" included in Rule 37 of the Federal Rules of Civil Procedure. As noted by one court:

> . . . . Rule 37(d) provides, in relevant part, that: "If a party . . . fails . . . to serve answer or objections to interrogatories . . . the court in which the action is pending on motion may take any action authorized under subparagraph (A), (B), and (C) of subdivision (b)(2) of this rule. Rule 37(d) leaves not doubt that the court may impose sanctions, including dismissal, if the party fails to comply even without entry of an order compelling compliance.

Reese Corporation v. Rieger, 201 B.R. 902, 907 (E.D. Mich. 1996) (entry of court order is not prerequisite to imposition of sanctions under Rule 37(d)); *see also* Buffington v. Baltimore County, 913 F.2d 113, 133 & n.15 (4th Cir. 1990) (court may also rely on its inherent power, in lieu of Rule 37, to order sanctions for failure to comply with discovery); *cf.* Wilson v. Volkswagon of America, Inc., 561 F.2d 494 (4th Cir. 1977) (adopts four-part test for imposing ultimate sanction of dismissal with prejudice or default judgment under Rule 37).

21. Among the sanctions permitted by Rule 37 of the Federal Rules of Civil Procedure is not only the extreme sanction of dismissal, but also the lesser sanctions of "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii) (incorporated into Fed. R. Civ. P. 37(d) as explained in the Reese Corporation case cited above).

Under the circumstances of this adversary proceeding, Mr. Smith (in the spirit of being reasonable) is seeking only the less stringent sanctions of limited evidentiary exclusions.

22. Bankruptcy courts, like any court, rely upon the mechanism of a motion in limine to exclude evidence for a reason that justifies exclusion. *See, e.g.,* In re Stark, 311 B.R. 750 (Bankr. N.D. Ill. 2004) (granting motion in limine against party failing to provide discovery responses pursuant to court's authority under Bankruptcy Rule 7037 [incorporating Fed. R. Civ. P. 37]); *see also* Perry Cockerell, The Motion in Limine in Bankruptcy Litigation, 24-MAR Am. Bankr. Inst. J. 28, 61 (March 2005) ("[m]otions *in limine* in bankruptcy cases have been used in a variety of ways . . . [such as] to exclude evidence on various grounds"); *see also* id. ("[t]he motion [in limine] is frequently used as a remedy to exclude evidence because of discovery violations or other procedural errors").

23. On the strength of the foregoing legal authorities, and pursuant to the foregoing rules and Pretrial Order, entry of an order excluding certain evidence on matters related to interrogatories or request for admissions not timely responded to by L&C for purposes of narrowing the issues in this adversary proceeding is appropriate.

### Requested Relief

24. Mr. Smith recognizes that any sanctions awarded in connection with the motion ought to be proportionate to the actual or potential prejudice arising from L&C's late or incomplete discovery answers.

25. In that spirit, Mr. Smith acknowledges L&C has been sufficiently forthcoming with respect to the following two (2) defenses (the "Acknowledged Defenses"):

- the contention that L&C is not the "initial transferee" of the Transferred Funds within the meaning of 11 U.S.C. § 550(a)(1); and

- L&C's denial that the Debtor was "insolvent" at the time of its transfer of the Transferred Funds.

26. Mr. Smith believes that he can prevail on the facts and law governing both of the Acknowledged Defenses and is willing and prepared to address those issues at trial, notwithstanding L&C's late and incomplete discovery responses/answers.

27. But the same accommodation does not extend to issues beyond the scope of the Acknowledged Defenses. Neither Mr. Smith nor this Court ought to be subjected to other defenses raised in the Answer (the "Unsupported Defenses"), for which L&C has not been forthcoming with its responses/answers to discovery but instead is simply reserving them in order to put Mr. Smith (and this Court) through unnecessary paces.

28. Mr. Smith therefore believes that L&C's opportunity to present evidence in connection with the Unsupported Defenses ought to be limited in the following manner:

a) Exclude as conclusively admitted L&C's introduction of testimony or exhibits (other than those already produced) relative to:

i) any claimed defense of the Debtor's "lack of ownership" of the Transferred Funds [Req./Admit #14];

ii) any claimed defense of "alter ego", "mere instrumentality" or "piercing the corporate veil" [Req./Admit #15];

iii) any claimed defense of "indirect benefit" or other indirect value purportedly provided by L&C to the Debtor [Req./Admit #16];

iv) any claimed defense based upon Mr. Tseng's purported incapacity to act as principal of the Debtor [Req./Admit #24]; and

  v) any claimed defense that L&C is a creditor of the Debtor [Req./Admit #'s 30-31].

b) Establish conclusively for purposes of trial in this adversary proceeding that:

  i) L&C is a professional firm comprised of licensed attorneys [Req./Admit # 20] [Req./Prod. #11];

  ii) L&C maintains one or more fiduciary (or trust) accounts for purposes of holding funds belonging to, or dedicated for the intents and purposes of, its clients, and for which its pre-printed checks bear the notation "fiduciary" or "trust" [Req./Admit #'s 21-22];

  iii) L&C is aware of, and itself complies with, standards for attorney fiduciary accounts – including its handling and disposition of such fiduciary funds only upon the express authorization of the applicable client(s) [Req./Admit #23];

  iv) L&C was aware that the Transferred Funds come from the Kaufman & Canoles, P.C. fiduciary account [Req./Prod. #'s 9-10]; and

  v) L&C knew of the Debtor's corporate existence separate and distinct from Mr. Tseng or Tseng Trust 2 [Req./Admit #'s 32-33].

c. Authenticate as genuine and admissible at trial in this adversary proceeding:

  i) the spreadsheet attached as "Exhibit A" to the Second Written Discovery, summarizing L&C's fees, costs, interest and payments on account of its matter no. 05137. ("Stan Tseng - - Derivative Action") [Req./Admit #25];

  ii) the spreadsheet attached as "Exhibit B" to the Second Written Discovery, summarizing L&C's fees, costs, interest and payments on account of its matter no. 05251 ("Winner Metals of Florida, LLC") [Req./Admit #26];

  iii) the spreadsheet attached as "Exhibit C" to the Second Written Discovery, summarizing L&C's fees, costs, interest and payments on account of its matter no. 05450 ("Chesapeake West Terminal, Inc.") [Req./Admit #27]; and

iv) the spreadsheet attached as "Exhibit D" to the Second Written Discovery, summarizing L&C's fees, costs, interest and payments on account of its matter no. 05086 ("Stan Tseng/Chesapeake West Terminal, Inc.") [Req./Admit #28].

29. Such limitations are the only fair and reasonable way to address the prejudice that otherwise would ensue for Mr. Smith by reason of L&C's late and incomplete discovery responses. By the way of example (but not limitation), L&C's failure to disclose the professional(s) with whom they associated in connection with the Florida Litigation (*see* Interrogatory No. 12; Second Written Discovery) has deprived Mr. Smith an important opportunity to explore further into the validity of the Unsupported Defenses - - particularly the contention of an indirect benefit supposedly conferred by L&C to the Debtor.

## Conclusion

30. Among the principal purposes of written discovery is the opportunity for parties, and ultimately the Court, to narrow the issues raised in pending litigation. L&C has hindered this purpose by its late and incomplete discovery responses, and by its reluctance to self-limit its defenses.

31. By this motion, Mr. Smith merely seeks to restore this very same purpose: the narrowing of evidence and issues that should have been achieved had L&C timely and completely met its discovery obligations. That is an appropriate and proportionate remedy under the circumstances of this adversary proceeding.

WHEREFORE, Mr. Smith respectfully requests that this Court enter an order excluding any evidence that may be offered by L&C on the Unsupported Defenses and limiting the issues to be raised at trial on this matter to the Acknowledged Defenses.

Dated: September 24, 2009                Respectfully submitted,

TOM C. SMITH, JR., CHAPTER 7 TRUSTEE

By:  */s/ Peter G. Zemanian*
       Of Counsel

Peter G. Zemanian, VSB No. 24922
Zemanian Law Group
150 Boush Street, Suite 600
Norfolk, VA  23510
Tel.:  (757) 622-0090
E-mail:  pete@zemanianlaw.com
Counsel for Tom C. Smith, Jr., Trustee

# CERTIFICATE OF SERVICE

       I hereby certify that on this 24th day of September, 2009, I caused the original of the foregoing *Motion in Limine to Exclude Certain Evidence and Narrow Issues at Trial* to be sent via electronic transmission, without attachments, to DGreer@davidgreerlaw.com, and by first-class United States mail, postage prepaid, with attachments, to:

       David A. Greer, Esq.
       500 East Main Street, Suite 1225
       Norfolk, VA  23510



       */s/ Peter G. Zemanian*